**Florica VOINA, Petitioner,**

**v.**

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 03–40992 (L).

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

Debra W. Yang, United States Attorney, Central District of California, Christine M. Adams, Assistant United States Attorney, Los Angeles, for Respondent.

PRESENT: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Florica Voina, a citizen and national of Romania, petitions for review of the BIA's October 24, 2003 decision summarily dismissing Voina's appeal of the IJ's order of removal that denied her claims for asylum and withholding of removal under 8 U.S.C. Sections 1158(a) and 1231(b)(3) and for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Before a petitioner can seek judicial review of her removal decision, she must exhaust all administrative remedies available. 8 U.S.C. § 1252(d). In *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004), this

Court held that a petitioner must have presented an issue below to raise it on appeal. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). In *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004), this Court held that the statutory exhaustion requirement precludes a petitioner from bypassing the administrative review process altogether. *See id.*

In the present case, Voina did not exhaust her administrative remedies: that is, the issues she argues before this Court were not presented to the BIA. As a result, this Court cannot review the claims that Voina raises in her petition for review.

The BIA dismissed petitioner's case because her Notice of Appeal indicated that she would submit a separate written brief or statement, but she did not file a brief or statement within the time provided. The BIA Notice of Appeal form provides a warning that the appeal may be subject to summary dismissal if the box for filing a supplemental brief or letter is checked and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." On this appeal, petitioner does not present any argument that the BIA's dismissal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) was not proper.

Therefore, the BIA's summary dismissal of petitioner's appeal of the IJ's order of removal is affirmed and the petition for review is denied.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.